IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD LEE MAINS,

                Plaintiff,                        OPINION AND ORDER

v.

                                                   23-cv-92-wmc

DR. KILOLO KIJAKAZI
and SOCIAL SECURITY WORKERS,

                Defendants.

---

In this case, *pro se* plaintiff Donald Lee Mains seeks to challenge his Social Security benefits as too low, their calculation having been incorrectly based on his self-employment *net* earnings from 2001 to 2008, rather than on his gross earnings for that period. Unfortunately, this is now the fourth lawsuit Mains has filed in this court challenging the calculation of his Social Security benefits on the same basis. Since the court dismissed each of those three, earlier cases, the principal defendant as the Acting Commissioner of Social Security now moves to dismiss this lawsuit or alternatively, for judgment on the pleadings as barred by the doctrines of issue and claim preclusion.[1] (Dkt. #7.) For the following reasons, this lawsuit must also be dismissed.

BACKGROUND

In 2018, Mains filed his first lawsuit in this court challenging his Social Security benefits calculation in *Mains v. Saul*, No. 18-cv-881-bbc. Specifically, Mains alleged that the Social Security Administration and its employees have discriminated against him since

---

[1] In addition to the Acting Commissioner of Social Security, Mains now purports to sue "social security workers." Because this defendant is neither an identifiable nor viable defendant for service or pursuit of his claim, the court will also dismiss the claim against this party as well.

2009 by refusing to calculate his retirement and disability benefits based on his gross earnings from self-employment between 2001 to 2008. *Id.* at dkt. #1.

After further briefing, the court dismissed this case, explaining that Mains was not challenging a final agency decision and had not shown a factual or legal basis for his belief that he was entitled to credit for his gross earnings given agency regulations expressly require it to base self-employment income on an individual's net earnings. *Id.* at dkt. #31. Moreover, the court noted that Mains had not taken the opportunity to file a reconsideration request within 60 days of the agency's initial determination of his benefits or identified any basis for undertaking a re-computation of the benefits he sought, and the time for requesting any revision of his earnings report had already expired. The Seventh Circuit subsequently affirmed this court's judgment on appeal. *Mains v. Saul*, 821 F. App'x 636, 637 (7th Cir. 2020), reh'g denied (Oct. 23, 2020).

Mains raised the same claim in his second case, *Mains v. Saul*, No. 21-cv-240-bbc. More specifically, he again alleged that the Social Security Administration was discriminating against him by not calculating his benefits based on his gross earnings, and he contended that the "Self-Employment Disability Act" required that result.[2] *Id.* at dkt. #2. The court dismissed that case as well in its April 21, 2021, order, explaining that the doctrines of issue and claim preclusion bar litigants from raising claims or legal issues that

---

[2] Plaintiff refers to this law throughout his case filings, but the court is unaware of any federal law called the "Self-Employment Disability Act" and plaintiff does not provide a citation. If plaintiff means the Americans with Disabilities Act of 1990, he does not specify which provision he believes applies.

2

have been, or could have been, litigated in a previous case. *Id.* at dkt. #4. Mains did not appeal.

This court again found the doctrines of issue and claim preclusion barred Mains' renewed claim and arguments regarding the benefits calculation in *Mains v. Kijakazi*, No. 22-cv-424-wmc, at dkt. #4. The court also noted that Mains still had not explained the legal basis for this court's jurisdiction over his claim. Unsuccessfully seeking reconsideration, Mains then wisely did not appeal. *Id.* at dkt. ##7, 12.

Finally, in this case, Mains once again alleges that the "Self-Employment Disability Act" requires the Social Security Administration to base his benefits calculation on his gross earnings between 2001 to 2008 and that defendants are discriminating against him by refusing to do so. (Dkt. #1.) He also asserts that the continuous fight for his benefits has left him anxious and depressed.

OPINION

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) or for judgment on the pleadings under Rule 12(c) are governed by the same standard: the court must accept as true all plausible allegations of the complaint and draw all reasonable inferences in the plaintiff's favor. *United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016); *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Thus, the court may only grant the Commissioner's motion if the complaint fails to "allege sufficient factual matter to state a claim to relief that is plausible on its face." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015) (motion to dismiss under 12(b)(6) (citation omitted)); *see also Federated Mut. Ins. Co. v. Coyle Mech.*

3

*Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (court should not grant motion for judgment on the pleadings "unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position").

However, as in plaintiff's last two cases, the court cannot reach the merits of plaintiff's renewed claim for the reasons stated in plaintiff's original suit. *First*, as plaintiff is now well aware, this federal court's authority to hear a case is limited. Here, to establish the court's jurisdiction or authority to hear a complaint about the Social Security Administration, Mains must show that he was challenging a "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g). However, Mains has not identified any final decision or other administrative action from which he timely appealed. While Mains contends that social security field office staff have refused to let him appeal his benefits decision, that is because his time to do so has long since expired. *See* 20 C.F.R. § 404.909 (setting a 60-day limit to request reconsideration of an initial benefits determination and indicating how to request an extension of that deadline). Neither does Mains claim to have pursued and exhausted another kind of administrative action -- such as a redetermination of the proper amount of a benefit or a revision of an earnings record -- that would permit administrative and judicial review. *Id.* § 404.902. Nor has he shown that this court has some other basis to exercise jurisdiction over his claim.

*Second*, as discussed above, Mains is also raising claims and arguments that this court has already repeatedly considered and rejected. In his initial lawsuit, the court explained that: (1) it lacked jurisdiction over his benefits claim, and (2) the agency's own regulations

require it to base self-employment income on an individual's "net earnings from self-employment during a taxable year." *See* Case No. 18-cv-881-bbc, dkts. ##22, 31; 20 C.F.R. § 404.1001(a)(5). Yet in this suit, Mains still does not explain how the "Self-Employment Disability Act" supersedes or otherwise impacts these agency regulations.[3] And in its 2020 affirmance of this court's dismissal, the Seventh Circuit recognized Mains' claim that "the Social Security Administration discriminated against him based on his disability by shortchanging his retirement benefits." *Mains*, 821 F. App'x at 637. This court has since explained to Mains that he cannot continue to press his benefits claim without a basis for the court's jurisdiction, hoping for a different result.

The court acknowledges Mains' assertions concerning his mental health, but it must dismiss the complaint and, having now reviewed this and plaintiff's three prior Social Security cases here, it will no longer expend limited judicial resources on plaintiff's benefits claim and supporting arguments under Federal Rule of Civil Procedure 1. Thus, as the court also warned plaintiff in Case Nos. 21-cv-240 and 22-cv-424, the court will take no action on any future motions or other submissions that plaintiff files in this case, whether seeking reconsideration, relief from judgment or to reopen this case to raise his benefits claim. Moreover, if plaintiff decides to file a fifth lawsuit in this court renewing the same benefits claim, he will be subject to sanctions, including a filing bar.

---

[3] In fairness, as support of his theory, Mains does reference online guidance on the Social Security Administration's website indicating that the agency "looks at gross income to determine whether [a beneficiary is] meeting or exceeding substantial gainful activity." (Dkt. #1 at 4.) However, that *same* webpage also notes for those who work for themselves, the agency will use net earnings instead. *See* https://choosework.ssa.gov/blog/2019-04-04-gross-and-net-income-whats-the-difference.

ORDER

IT IS ORDERED that:

1) Defendant Social Security Workers is DISMISSED from this lawsuit.

2) Defendant Kilolo Kijakazi's motion to dismiss (dkt. #7) is GRANTED and this lawsuit is DISMISSED.

3) Plaintiff's motion for the court to contact the IRS (dkt. #8) and his motions for a ruling (dkt. ##14, 15, 16, 17) are DENIED as moot.

4) The clerk of court is directed to enter judgment for defendants and to close this case.

5) Under Fed. R. Civ. P. 1, the court will take no action on any future motions or submissions that plaintiff files in this case in which he seeks reconsideration, relief from judgment or to reopen this case to raise claims that were already resolved. If plaintiff decides to file another lawsuit renewing his benefits claim and related arguments addressed in this and in his three prior Social Security cases in this court, he will be subject to sanctions, including a filing bar.

Entered this 21st day of July, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge